STEPHEN M. HARBER, STATE BAR #119830
AMY ARSENEAUX EVENSTAD, STATE BAR #305828
McCUNE & HARBER, LLP
515 South Figueroa Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 689-2500
Facsimile: (213) 689-2501
sharber@mccuneharber.com and aevenstad@mccuneharber.com

Attorneys for Defendant, COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE CAREY; JACK CAREY, by and through GAL, NATALIE CAREY,<br><br>    Plaintiffs,<br><br>    vs.<br><br>KEURIG; COSTCO WHOLESALE CORPORATION and DOES 1 TO 20, Inclusive,<br><br>    Defendants. | Case No: 2:21−cv−02435 SVW (JEMx)<br>Assigned to District Judge Stephen V. Wilson, Courtroom 10A, and Magistrate Judge John E. McDermott, Courtroom 640 (Complaint filed on December 29, 2020)<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF MOTION AND MOTION TO DISQUALIFY PLAINTIFFS' ATTORNEYS OF RECORD, DANIEL HAKHAMZADEH, ESQ., SM LAW GROUP, APC, AND PANISH SHEA & BOYLE, LLP; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE: April 19, 2021<br>TIME: 1:30 p.m.<br>DEPT.: 10A<br><br>[Filed with Notice of Motion and Motion; Declaration of Stephen M. Harber and Amy A. Evenstad; [Proposed] Order] |

TO ALL PARTIES AND ATTORNEYS OF RECORD:

Defendant COSTCO WHOLESALE CORPORATION ("Defendant" or "Costco") hereby submits the following Memorandum of Points and Authorities in support of its motion to disqualify Plaintiffs' attorney of record, Panish Shea & Boyle LLP ("PSB") from representing Plaintiffs in this action filed against Costco:

-1-

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.,
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

**TABLE OF CONTENTS**

PAGE(S)

I.   INTRODUCTION ........................................................................6

II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY ..........................7

    A.   DANIEL HAKHAMZADEH'S PRIOR REPRESENTATION OF COSTCO .............................................................................7

    B.   DANIEL HAKHAMZADEH IMPROPERLY FILED A NUMBER OF LAWSUITS AGAINST COSTCO, HIS FORMER CLIENT .................9

    C.   DANIEL HAKHAMZADEH ASSISTED PANISH SHEA & BOYLE IN PREPARING FOR AN EXPEDITED TRIAL DATE .....................10

III. LEGAL ARGUMENT ............................................................11

    A.   AN ATTORNEY HAS A DUTY NOT TO REVEAL OR USE CONFIDENTIAL INFORMATION OF A FORMER CLIENT TO THE DISADVANTAGE OF THAT FORMER CLIENT ....................12

    B.   DISQUALIFICATION IS MANDATORY DUE TO THE PRESUMPTION THAT CONFIDENTIAL INFORMATION WAS OBTAINED. ........................................................................14

    C.   DANIEL HAKHAMZADEH OBTAINED CONFIDENTIAL INFORMATION ABOUT COSTCO ..........................................16

    D.   COSTCO, AS THE HOLDER OF THE ATTORNEY-CLIENT PRIVILEGE, HEREBY INVOKES THAT PRIVILEGE ...................17

IV.  DANIEL HAKHAMZADEH'S CONFLICT IS IMPUTED UPON PANISH SHEA & BOYLE, REQUIRING DISQUALIFICATION ..........................18

V.   CONCLUSION ....................................................................22

McCune & Harber, LLP
515 South Figueroa St.
Los Angeles, CA 90071
(213) 689-2500
Fax (213) 689-2501

-2-

# TABLE OF AUTHORITIES

**PAGE(S)**

Cases

*Ames v. State Bar*
(1973) 8 Cal.3d 910, 917 ................................................................................12

*Beltran v. Avon Prod., Inc.*
867 F. Supp. 2d 1068, 1078 (C.D. Cal. 2012) ..........................7, 11, 12, 20, 21

*Chronometrics, Inc. v. Sysgen, Inc.*
(1980) 110 Cal.App.3d 597, 607 .....................................................................12

*City and County of San Francisco v. Cobra Solutions, Inc.*
(2006) 38 Cal.4th 839, 847 .............................................................................16

*Fireman's Fund Ins. Co. v. Superior Court*
(2011) 196 Cal.App.4th 1263, 1273 ................................................................18

*Henriksen v. Great American Savings & Loan*
(1992) 11 Cal.App.4th 109, 113-114 ...............................................................16

*In re Complex Asbestos Litigation*
(1991) 232 Cal.App.3d 572, 579 .....................................................................15

*Jessen v. Hartford Casualty Ins. Co.*
(2003) 111 Cal.App.4th 698, 711 ....................................................................16

*National Grange of Order of Patrons of Husbandry v. California Guild*
(2019) 38 Cal.App.5th 706, 709 ......................................................................16

*Nemours Foundation v. Gilbane, Aetna, Federal Ins.*
(D.Del.1986) 632 F.Supp. 418, 428 .................................................................20

*River W., Inc. v. Nickel*
(1987) 188 Cal.App.3d 1297, 1302 .............................................................14, 15

*T.C. & Theatre Corp. v. Warner Bros. Pictures*
(1953) 113 F.Supp. 265, 268–269 ...................................................................14

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

Defendant Costco's Notice of Motion and Motion to Disqualify Plaintiffs' Attorneys of Record

*Trone v. Smith*
(9th Cir. 1980) 621 F.2d 994, 999...........................................................................21

*Western Continental Operating Co. v. Natural Gas Corp.*
(1989) 212 Cal.App.3d 752, 758–759.......................................................................14

William H. Raley Co. v. Superior Court (Carroll)
(1983) 149 Cal.App.3d 1042, 1049...........................................................................19

Statutes

*Business and Professions Code*
Section 6068(e)...........................................................................................................13

*Business and Professions Code*
Section 6068(e)(1).......................................................................................................12

*Business and Professions Code*
Section 6068(e)(2).......................................................................................................12

*California Code Of Civil Procedure*
Section 2018.020.........................................................................................................18

*California Evidence Code*
Section 953..................................................................................................................18

*California Evidence Code*
Section 954..................................................................................................................18

Federal Rules of Evidence
Section 502(g)..............................................................................................................17

*State Bar of California Rules of Professional Conduct*
Rule 1.0.......................................................................................................................12

*State Bar of California Rules of Professional Conduct*
Rule 1.6.......................................................................................................................13

*State Bar of California Rules of Professional Conduct*
Rule 1.6(a)..............................................................................................................12, 13

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.,
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-4-

*State Bar of California Rules of Professional Conduct*
Rule 1.7................................................................................................19

*State Bar of California Rules of Professional Conduct*
Rule 1.7(b)..........................................................................................13

*State Bar of California Rules of Professional Conduct*
Rule 1.9..............................................................................13, 17, 18, 19

*State Bar of California Rules of Professional Conduct*
Rule 1.9(c)..........................................................................................13

*State Bar of California Rules of Professional Conduct*
Rule 1.10(a)........................................................................................19

*State Bar of California Rules of Professional Conduct*
Rule 1.10(a)(2)....................................................................................19

*State Bar of California Rules of Professional Conduct*
Rule 1.10(a)(2)(i)................................................................................19

*State Bar of California Rules of Professional Conduct*
Rule 1.10(a)(e)(ii)-(iii) .......................................................................19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Natalie Carey and Jack Carey, by and through his GAL Natalie Carey ("plaintiffs") have filed this personal injury action against Defendant Costco Wholesale Corporation ("Costco") and Defendant Keurig arising out of an alleged injury to one or more plaintiff on October 6, 2020. This lawsuit was filed on October 26, 2020 by SM Law Group, APC. Attorney Daniel Hakhamzadeh, Esq. signed the form complaint on behalf of SM Law Group as attorneys for plaintiffs. *See* Complaint [ECF Dkt. No. 1-3], at pp. 3, 5. Costco timely answered the complaint through its attorneys, McCune & Harber and thereafter properly removed the action on the basis of diversity jurisdiction. *See* Notice of Removal [ECF Dkt. No. 1].

In January 2021, before the matter was removed, plaintiffs filed a Notice of Association of Counsel, associating Panish Shea & Boyle, LLP ("PSB") as associated attorneys of record for plaintiffs in addition to the attorneys at SM Law Group. *See* Exhibit A: Notice of Association of Counsel. Before removal, PSB filed a motion for preferential trial setting, indicating that the firm is prepared to proceed to trial on behalf of plaintiffs, with the assistance of Daniel Hakhamzadeh, in just four months' time.

Prior to attorney Daniel Hakhamzadeh's employment with SM Law Group as an attorney for plaintiffs in this personal injury matter, Daniel Hakhamzadeh was employed for nearly a year by McCune & Harber as an attorney for Costco in numerous personal injury matters, and Costco is his former client. *See* Harber Decl., ¶¶ 4-8. Daniel Hakhamzadeh obtained confidential and privileged information by virtue of his prior representation of Costco. He did not obtain Costco's informed written consent to take a position in this matter (or any other matter) adverse to Costco and Costco does not consent. Daniel Hakhamzadeh will not be able to represent a plaintiff in a lawsuit against defendant Costco without using the confidential and privileged information that he learned in his prior representation of Costco to Costco's detriment. Under California's "substantial

-6-

relationship test," Mr. Hakhamzadeh's acquisition of confidential information from Costco is presumed, and disqualification is mandatory. *Beltran v. Avon Prod., Inc.,* 867 F. Supp. 2d 1068, 1078 (C.D. Cal. 2012).

Mr. Hakhamzadeh's conflict of interest is imputed upon PSB, who associated in as attorneys for plaintiffs without timely screening Mr. Hakhamzadeh from the case. This motion was filed (but not heard), in state court before removal. Prior to filing an opposition, Mr. Hakhamzadeh substituted out of the case. However, a month and a half passed where Mr. Hakhamzadeh assisted PSB in preparing for an expedited trial date. PSB has not been timely screened prior to associating into this lawsuit against Costco.

Costco hereby invokes the attorney-client privilege and seeks to disqualify Daniel Hakhamzadeh's associated firm (Panish Shea & Boyle LLP) from representing the plaintiffs in this lawsuit against Costco. Costco therefore requests that this Court grant this motion and disqualify Daniel Hakhamzadeh' associated law firm of Panish Shea & Boyle.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   DANIEL HAKHAMZADEH'S PRIOR REPRESENTATION OF COSTCO

McCune & Harber has been on Costco's Southern California defense counsel panel for many years. Harber Decl., ¶ 3. From approximately to August 2019 to April 2020, Daniel Hakhamzadeh, Esq. worked as an associate at McCune & Harber defending Costco in a number of personal injury matters. *Id.* ¶¶ 4-5. In this time frame, he performed work on at least nine lawsuits in which Costco was named as a defendant. *Id.* ¶ 5. He personally billed over 250 hours on cases where he assisted attorneys at McCune & Harber defending Costco in personal injury matters. *Id.* ¶ 10.

By virtue of this work, Daniel Hakhamzadeh was in an attorney-client relationship with Costco. Harber Decl., ¶ 6. He prepared and reviewed attorney work product materials and transmitted confidential communications between McCune & Harber and Costco. *Id.* ¶¶ 6-7. He received and was privy to attorney-client privileged information about Costco's

litigation strategies, including its litigation and settlement strategies. *Id.* ¶ 6. He negotiated at least one settlement with a plaintiff as an attorney of Costco. *Id.*

Daniel Hakhamzadeh received and was privy to confidential information regarding Costco which is often implicated in personal injury matters. Harber Decl., ¶ 7. Costco is willing to provide further information about this to the Court *in camera* if requested. Illustrative sample emails showing Mr. Hakhamadeh's acquisition of Costco's privileged information in personal injury matters, which may be provided *in camera*, are as follows:

- In August 2019, Mr. Hakhamzadeh was copied on emails from Costco's Senior Resolution Manager discussing strategy regarding settlement of a personal injury case.

- In September 2019, Mr. Hakhamzadeh sent an internal email stating, "Do we have [a] confidential report on this case from Costco?" indicating that he aware of this confidential report and was looking for it.

- In September 2019, he was copied on emails from Costco with written discovery strategy.

- In October 2019, he was copied on emails from Costco discussing liability analysis of a personal injury case, strategy regarding settlement, and exposure.

- In November 2019, he wrote and sent a letter to Costco with an analysis of a personal injury plaintiff's discovery responses.

- In January 2020, he explained conversations that he has had with a manager with respect to that manager's "PMQ" deposition.

- In February 2020, Mr. Hakhamzadeh was forwarded an email by the same Senior Resolution Manager from Costco who is involved in the subject case and was tasked with gathering the information requested from this Manager and drafting a response with a legal analysis.

- In March 2020, when a McCune & Harber employee asked about a task in a Costco personal injury matter, Mr. Hakhamzadeh responded, "I am leading this case."

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.,
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-8-

- In April 2020, in a products liability matter, Mr. Hakhamzadeh was sent an email from Costco discussing settlement strategy.

Daniel Hakhamzadeh was a party to at least two Protective Orders regarding Costco's confidential information. Harber Decl., ¶¶ 5, 7. He drafted case evaluations and made settlement recommendations to Costco. *Id.* ¶ 7. He had conversations with Costco employees in order to prepare for depositions and draft discovery responses on behalf of Costco. *Id.* In drafting discovery responses on behalf of Costco, he reviewed, analyzed, identified, and withheld attorney-client privileged documents. *Id.*

Daniel Hakhamzadeh had access to and did in fact access folders on McCune & Harber's server containing electronically stored information pertaining to McCune & Harber's defense of Costco dating back to 2013. Harber Decl., ¶ 8. These files contain confidential information about Costco, and attorney work product and attorney-client privileged information. *Id.*

## B. DANIEL HAKHAMZADEH IMPROPERLY FILED A NUMBER OF LAWSUITS AGAINST COSTCO, HIS FORMER CLIENT

Upon seeing Daniel Hakhamzadeh's name and signature on plaintiffs' complaint, Steve Harber, the attorney for Costco and former employer of Mr. Hakhamzadeh, met and conferred with him about the issue, explaining the conflict of interest and asking that Daniel Hakhamzadeh and his firm withdraw as plaintiffs' attorneys of record. Harber Decl., ¶ 11. Mr. Hakhamzadeh refused to withdraw, and instead claimed that he had obtained Costco's consent to take a position in this lawsuit (and other personal injury cases) adverse to Costco. *Id.*

After this meet and confer conversation, Steve Harber contacted Costco to ascertain whether Daniel Hakhamzadeh had obtained Costco's informed written consent after representing that he had. Harber Decl., ¶ 12. Costco informed Mr. Harber that no informed written consent was sought or given, and that Costco does not give consent in this case or any other case. *Id.* Mr. Harber was informed that Mr. Hakhamzadeh has taken a position

McCune & Harber, LLP
515 South Figueroa St.
Los Angeles, CA 90071
(213) 689-2500
Fax (213) 689-2501

adverse to Costco in other personal injury cases that he has commenced against Costco after his employment at McCune & Harber was terminated, and prior to accepting representation of a plaintiff in those matters, Mr. Hakhamzadeh did not seek informed written consent from Costco. Harber Decl., ¶ 13.

An attorney on Costco's Southern California defense panel informed Mr. Harber that, in order to attempt to negotiate a more favorable settlement from Costco on behalf of a plaintiff in another matter, Daniel Hakhamzadeh improperly used confidential information that he acquired by virtue of his prior representation of Costco to the disadvantage of Costco. Harber Decl., ¶ 13.

McCune & Harber then became aware from Costco that Daniel Hakhamzadeh filed another lawsuit against Costco entitled *Clara Ramirez vs. Costco Wholesale Corporation, Doe Costco Manager, Does 1 to 20 inclusive,* which was removed to the Central District of California on February 18, 2021, case number 2:21-CV-01476 DMG (AFMX). After Costco appeared in the *Ramirez* case, Costco met and conferred with Daniel Hakhamzadeh to obtain a resolution of the matter before filing a disqualification motion, just as it did in this case. Mr. Hakhamzadeh agreed to disengage from the *Ramirez* case. Costco then negotiated a resolution with another attorney for Ms. Ramirez.

## C.   DANIEL HAKHAMZADEH ASSISTED PANISH SHEA & BOYLE IN PREPARING FOR AN EXPEDITED TRIAL DATE

On January 13, 2021, SM Law Group filed a Notice of Association of Counsel, associating with attorneys Robert Glassman and Nadine Khedry at Panish Shea & Boyle LLP. *See* Evenstad Decl., ¶ 4, Exhibit A: Notice of Association of Counsel. This Notice states that "all pleadings, case documents, discovery, or notices should be served upon both firms [SM Law Group and Panish Shea & Boyle]." *Id.* Daniel Hakhamzadeh is identified as an attorney for plaintiffs in the caption of this document. *Id.*

On February 11, 2021, PSB informed Costco that it was seeking a preferential trial date with a hearing date in just four months, and included a stipulation as such. Evenstad Decl., ¶ 6; Exhibit B: Plaintiffs' *Ex Parte* Application. Mr. Hakhamzadeh was copied on

-10-

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.,
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

the email from PSB providing *ex parte* notice. *Id.* He is listed as an attorney for plaintiffs in the caption of plaintiffs' *ex parte* application and the stipulation, indicating that PSB is ready to proceed to trial in just four months with the assistance of Mr. Hakhamzadeh. *Id.*

On February 16, 2021, Costco filed this motion in state court before removal.

On February 18, 2021, PSB served Plaintiffs' Response to Costco's Statement of Damages with Mr. Hakhamzadeh's name in the caption and service list. Evenstad Decl., ¶ 8; Plaintiffs' Statement of Damages [ECF Dkt. No. 1-6]. Plaintiffs identified damages in excess of $25 million. It should be presumed that Mr. Hakhamzadeh assisted PSB in ascertaining the damages that plaintiffs will claim against Costco, to Costco's detriment.

On February 25, 2021, in state court, PSB served Plaintiffs' Motion for an Order Granting Preferential Trial Date on Costco and Daniel Hakhamzadeh, who is listed as co-counsel. Evenstad Decl., ¶ 9, Exhibit C.

On March 2, 2021, PSB served Special Interrogatories and Requests for Production upon Costco, which have Daniel Hakhamzadeh's name listed in the caption and service list. Evenstad Decl., ¶ 10, Exhibits D, E. On March 4, 2021, PSB served a Notice of Disassociation of Counsel, wherein Mr. Hakhamzadeh finally substituted out of the case. However, PSB continues to refuse to withdraw despite the imputed conflict.

Costco hereby invokes the attorney-client privilege and seeks to disqualify Daniel Hakhamzadeh's associated firm of Panish Shea & Boyle and to preclude all attorneys at the firm from representing plaintiffs in this case. This motion should be granted.

## III.   **LEGAL ARGUMENT**

The Central District Court of California "applies state law in determining motions to disqualify counsel." *Beltran v. Avon Prod., Inc.,* 867 F. Supp. 2d 1068, 1076 (C.D. Cal. 2012). "Attorneys practicing in this district must 'be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto.'" *Id.* at 1076-177, citing

MCCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.,
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-11-

Local Rule 83-3.1.2.

The California Rules of Professional Conduct apply to all members of the State Bar, regardless of the adjudicating tribunal. CA ST RPC Rule 1.0. The rules not only "establish ethical standards for members of the bar," they are "also designed to protect the public." *Ames v. State Bar* (1973) 8 Cal.3d 910, 917. A trial court's authority to disqualify an attorney derives from the power inherent in every court to control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto. *Beltran,* 867 F. Supp. 2d at 1076. Disqualification is necessary when opposing counsel learned information that cannot be unlearned, because he could use that improper information when cross examining witnesses, making and responding to objections, and addressing the jury. *Chronometrics, Inc. v. Sysgen, Inc.* (1980) 110 Cal.App.3d 597, 607.

## A. AN ATTORNEY HAS A DUTY NOT TO REVEAL OR USE CONFIDENTIAL INFORMATION OF A FORMER CLIENT TO THE DISADVANTAGE OF THAT FORMER CLIENT.

An attorney in California has a duty to "maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." Cal. Bus. & Prof. Code, § 6068 (e)(1). The <u>only</u> exception to this duty is when an attorney believes that disclosure of confidential information is necessary to prevent a criminal act. Cal. Bus. & Prof. Code, § 6068 (e)(2).

"A lawyer shall not reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e)(1) unless the client gives informed consent…" CA ST RPC Rule 1.6(a). This rule "recognizes a fundamental principle in the lawyer-client relationship" by requiring a client's informed consent before an attorney may reveal information protected by Section 6068(e)(1). CA ST RPC Rule 1.6(a), Comment [1]. "The principle of lawyer-client confidentiality applies to information a lawyer acquires by virtue of the representation, whatever its source, and encompasses matters communicated in confidence by the client, and therefore protected by the lawyer-

MCCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.,
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

client privilege, matters protected by the work product doctrine, and matters protected under ethical standards of confidentiality, all as established in law, rule and policy." CA ST RPC Rule 1.6(a), Comment [2].

California's recently-modified Rules of Professional Conduct contain a number of provisions which prohibit Daniel Hakhamzadeh's representation of a plaintiff in a case against Costco. A lawyer who formerly represented a client shall not thereafter represent another person in "a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed written consent." CA ST RPC Rule 1.9(a). Additionally, a lawyer may not knowingly represent a person where the lawyer's former firm previously represented a client whose interests are materially adverse to that person and about whom the lawyer acquired protected and confidential information that is material to the matter, unless the former client gives informed written consent. CA ST RPC Rule 1.9(b). Further, "[a] lawyer who has formerly represented a client in a matter…shall not thereafter: (1) use information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 acquired by virtue of the representation of the former client to the disadvantage of the former client…" CA ST RPC Rule 1.9(c).

Two matters are deemed to be "substantially related" for Rule 1.9 purposes if there is a substantial risk that the lawyer obtained protected and confidential information in the prior representation and would be expected to use or disclose that information because it is material to the subsequent representation. CA ST RPC Rule 1.9, Comment [3].

Unless informed written consent is obtained from each affected client, a lawyer shall not "represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client, [or] a former client…" CA ST RPC Rule 1.7(b). The purpose behind this rule "is to prevent dishonest conduct as well as to avoid placing the honest practitioner in a position where he may be forced to choose between conflicting duties or interests. [citation] The rule seeks to protect the confidential attorney-client relationship." *Western*

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST;
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-13-

*Continental Operating Co. v. Natural Gas Corp.* (1989) 212 Cal.App.3d 752, 758–759.

**B.   DISQUALIFICATION IS MANDATORY DUE TO THE PRESUMPTION THAT CONFIDENTIAL INFORMATION WAS OBTAINED.**

Where an attorney has previously represented a defendant in a litigation matter, a presumption arises that the attorney obtained confidential information from the former client, and the attorney is precluded from later suing that former client in a subsequent similar matter. *River W., Inc. v. Nickel* (1987) 188 Cal.App.3d 1297, 1302. In *River W.*, a case involving a conflict of interest due to an attorney's prior representation of a defendant, the trial court found that issues existed in the litigation which were substantially related to the issues involved in the attorney's prior representation of the defendant. *Id.* Under this "substantial relationship" test, the court noted that the "former client need show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action wherein the attorney previously represented [the former client]." *Id.* citing *T.C. & Theatre Corp. v. Warner Bros. Pictures* (1953) 113 F.Supp. 265, 268–269.

*River W.* noted that the court must presume that confidential information was disclosed in the prior representation and should not inquire into the nature and extent of those confidences. *River W.,* at 1202-1203. For this reason, "in the usual case when the substantial relationship of the matters is established, the inquiry ends and the disqualification should be ordered." *Id.* at 1304, emphasis added. Courts should not engage in a weighing process and should not even consider the "importance of the confidences, the potential impact of their use in litigation, or the effect of disqualification upon the parties" before granting a disqualification motion. *Id.* at 1308.

With respect to nine asbestos personal injury actions, the California Court of Appeal considered "the difficult issue of whether a law firm should be disqualified because an employee of the firm possessed attorney-client confidences from previous employment by opposing counsel in pending litigation." *In re Complex Asbestos Litigation* (1991) 232

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA, LLP
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-14-

Cal.App.3d 572, 579. In *Asbestos Litigation*, a paralegal worked for an asbestos defense firm exclusively defending asbestos cases in Northern California, and his work included drafting settlement evaluations, updating forms with asbestos products implicated by the suits, reviewing discovery responses, and assisting attorneys at trial. *Id.* at 581-82. He thereafter began working for a firm that filed lawsuits on behalf of asbestos plaintiffs in Northern California, and his work involved contacting asbestos plaintiffs, drafting responses to discovery propounded by asbestos defendants, and assisting with trial team. *Id.* at 582-83. In a number of cases, while at the plaintiffs' firm, the paralegal assisted attorneys pursuing cases against three defendants that he was familiar with through his work assisting attorneys in defending those entities at the defense firm. *Id.* at 583. The court emphasized that "an attorney will be disqualified from representing a client against a former client when there is a substantial relationship between the two representations." *Id.* at 587.

Asbestos Litigation* cited to *River W.* for the rule that, "[w]hen a substantial relationship exists, the courts presume the attorney possesses confidential information of the former client material to the present representation." *In re Complex Asbestos Litigation,* 232 Cal.App.3d at 579. If a member of a law firm "finds employment with opposing counsel, there is a heightened risk that confidences of the former employer's clients will be compromised, whether from base motives, an excess of zeal, or simple inadvertence." *Id.* at 588. The Court held "that disqualification is appropriate unless there is written consent or the law firm has effectively screened the employee from involvement with the litigation to which the information relates." *Id.* at 579. The Court of Appeals affirmed the trial court's ruling disqualifying all attorneys in the paralegal's new firm from representing asbestos plaintiffs in nine cases – those cases filed against defendants that the paralegal previously worked to help defend at his former law firm. *Id.* at 573.

California courts have continued to adhere to this rule, which has been upheld as recently as 2019. In *National Grange*, a plaintiffs' firm, Ellis Law Group, hired an attorney who had previously worked for the law firm defending National Grange. *National Grange*

*of Order of Patrons of Husbandry v. California Guild* (2019) 38 Cal.App.5th 706, 709. The trial court properly granted National Grange's motion to disqualify Ellis Law Group. *Id.* The court noted that "an attorney may not represent a new client whose interests are adverse to those of a former client on a matter in which the attorney has obtained confidential information. The purpose of the rule is to protect the confidential relationship which exists between attorney and client, a relationship which continues after the formal relationship ends." *Id.* at 714, citations omitted. For this reason, "a former client may seek to disqualify a former attorney from representing an adverse party by showing that the former attorney possesses confidential information adverse to the former client." *Id.*

Alternatively, if a former client does not establish that the attorney has confidential information, the former client can still obtain disqualification upon a showing that there is a substantial relationship between the subjects of the former and current representation. *National Grange, supra,* at 709, citing *Henriksen v. Great American Savings & Loan* (1992) 11 Cal.App.4th 109, 113-114. "If the subjects of the prior representation are such as to 'make it likely the attorney acquired confidential information' that is relevant and material to the present representation, then the two representations are substantially related." *City and County of San Francisco v. Cobra Solutions, Inc.* (2006) 38 Cal.4th 839, 847, citing *Jessen v. Hartford Casualty Ins. Co.* (2003) 111 Cal.App.4th 698, 711.

## C. DANIEL HAKHAMZADEH OBTAINED CONFIDENTIAL INFORMATION ABOUT COSTCO.

Disqualification is mandatory here. Costco has established that Daniel Hakhamzadeh previously represented Costco in lawsuits alleging personal injuries from incidents occurring in various Costco locations in Southern California. In the subject personal injury lawsuit, plaintiffs allege that they were injured by a Keurig sold by Costco. *See* Complaint [ECF Dkt. No. 1-3]. Plaintiffs allege that Costco owed a duty to them and was negligent with respect to this duty. *Id.* Accordingly, a substantial relationship has been established with respect to the subject matter of this lawsuit and Daniel Hakhamzadeh's previous representation of Costco. This showing is sufficient to warrant automatic

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.,
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-16-

disqualification of Daniel Hakhamzadeh. Indeed, now that this showing has been made, in order to disqualify plaintiffs' attorney, Costco does not have to provide "proof of actual possession of confidential information," although Costco can do so here. *Western, supra,* 212 Cal.App.3d at 759.

Daniel Hakhamzadeh billed over 250 hours to Costco for his work in defending Costco in personal injury matters. In this work, he was privy to confidential, attorney-client privileged information. While at McCune & Harber, he drafted and reviewed work product settlement evaluations, and negotiated at least one settlement with a plaintiff on behalf of Costco. In defending Costco, he spoke with Costco managers and employees and prepared discovery responses on behalf of Costco. He saw a number of privileged reports prepared in anticipation of litigation which he identified in discovery but did not produce due to their privileged nature. He had access to McCune & Harber's server with its electronic files storing over seven years' worth of work product information accumulated by defense counsel in its representation of Costco.

Costco has established that Daniel Hakhamzadeh obtained confidential information about Costco in its defense of Southern California personal injury lawsuits, and a substantial relationship exists between the subject matter of this lawsuit and the prior lawsuits in which Mr. Hakhamzadeh represented Costco. Rule 1.9 therefore prohibits Mr. Hakhamzadeh from taking a position adverse to Costco in this lawsuit (or any other similar lawsuit). CA ST RPC Rule 1.9. Daniel Hakhamzadeh and his associated firm of PSB must be disqualified and precluded from suing Costco on behalf of a plaintiff in a personal injury matter such as this one.

### D.     COSTCO, AS THE HOLDER OF THE ATTORNEY-CLIENT PRIVILEGE, HEREBY INVOKES THAT PRIVILEGE.

The attorney-client privilege applies to protect confidential attorney-client communications. Fed. R. Evid. 502(g). California state law governs privilege in this civil case. "The relationship of attorney and client shall exist between a law corporation…and the persons [including corporations] to whom it renders professional services…" Cal.

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-17-

Evid. Code § 954. The client is the holder of this privilege. Cal. Evid. Code § 953. As the holder of the privilege, the client has the right "to prevent another from disclosing a confidential communication between client and lawyer." Cal. Evid. Code § 954.

The purposes of the work product privilege are to preserve the rights of attorneys to prepare for trial with a degree of privacy necessary to prepare cases thoroughly and to prevent attorneys from taking undue advantage of their adversary's efforts. Cal. Code Civ. Proc. § 2018.020. The attorney-client privilege applies to communications to those whom the disclosure is reasonably necessary for the accomplishment of the purpose for which the lawyer is consulted, and any legal opinions formed. *Fireman's Fund Ins. Co. v. Superior Court* (2011) 196 Cal.App.4th 1263, 1273.

By virtue of his former representation of Costco, Daniel Hakhamzadeh was privy to and transmitted privileged communications. He drafted work product settlement evaluations to provide to Costco and negotiated at least one settlement with a plaintiff in a personal injury matter on Costco's behalf. He then used the confidential information that he obtained in his representation of Costco to file a number of lawsuits against Costco, including this one. It must be presumed that all confidential information that Daniel Hakhamzadeh obtained about Costco has been shared with all attorneys at Panish Shea & Boyle. As the holder of the attorney-client privilege, Costco hereby invokes the privilege and requests that this court disqualify Daniel Hakhamzadeh and all associated law firms, including PSB, from representing the plaintiffs in this matter.

## IV.   DANIEL HAKHAMZADEH'S CONFLICT IS IMPUTED UPON PANISH SHEA & BOYLE, REQUIRING DISQUALIFICATION.

All law firms associated with plaintiffs and Daniel Hakhamzadeh must be disqualified now that Costco has established Mr. Hakhamzadeh's violation of Rule 1.9. His conflict of interest is imputed to associated counsel, Panish Shea & Boyle.

When lawyers are associated in a case, "none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by rules

McCune & Harber, LLP
515 South Figueroa St.
Los Angeles, CA 90071
(213) 689-2500
Fax (213) 689-2501

1.7 or 1.9…" CA ST RPC Rule 1.10(a). <u>The only exception is when: (i) the prohibited lawyer did not substantially participate in the prior substantially related matter;</u> and (ii) the prohibited lawyer is timely screened from any participation in the matter; and (iii) written notice is promptly given to the affected former client with the screening procedures and the opportunity to object. CA ST RPC Rule 1.10(a)(2), emphasis added.

This exception is not implicated here because Daniel Hakhamzadeh substantially participated in the defense of Costco in personal injury matters. CA ST RPC Rule 1.10(a)(2)(i). Thus, the screening procedures set forth in Rule 1.10(a)(e)(ii)-(iii) may not be utilized. CA ST RPC Rule 1.10(a)(2)(i). Even if it is found that Mr. Hakhamzadeh did not substantially participate in Costco's defense of prior matters, his conflict is nevertheless imputed upon PSB because PSB was not timely screened before associating in the case as additional attorneys for plaintiffs and PSB did not provide written notice to Costco or afford Costco the opportunity to object. Had PSB been timely screened and if effective screening procedures were put in place, Daniel Hakhamzadeh's name would not appear in the caption of the Notice of Association and Plaintiffs' discovery requests to Costco, and he would not be identified in the caption of plaintiffs' *ex parte* application seeking a preferential trial date.

Panish Shea & Boyle did not provide the requisite written notice to Costco of the adverse representation and/or any screening procedures. <u>It must therefore be presumed that Daniel Hakhamzadeh has shared confidential, privileged information about Costco with all lawyers at Panish Shea & Boyle while assisting PSB in preparing for an expedited trial date.</u> This presumption warrants automatic disqualification of all attorneys at PSB.

As a general rule, where an attorney is disqualified from representing a client due to a conflict of interest, absent screening, the attorney's entire law firm is also disqualified. *William H. Raley Co. v. Superior Court (Carroll)* (1983) 149 Cal.App.3d 1042, 1049. In *Asbestos Litigation*, discussed above, which involved a conflict with a paralegal who jumped firms, the court held that the entire firm that hired the paralegal was disqualified. *Asbestos Litigation,* 232 Cal.App.3d at 592. The "firm's disqualification is required not

-19-

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

because of an attorney's affirmative misconduct, but because errors of omission and insensitivity to ethical dictates allowed the employee's misconduct to taint the firm with a violation of attorney-client confidentiality." *Id.* When hiring a former employee who possesses confidential-attorney client information materially related to a pending or contemplated litigation, "the hiring attorney must obtain the informed written consent…, thereby dispelling any basis for disqualification." *Id.* at 592-93. Without this informed written consent, "the hiring attorney is subject to disqualification unless the attorney can rebut a presumption that the confidential attorney-client information has been used or disclosed in the new employment." *Id.* at 593.

"The most likely means of rebutting the presumption is to implement a procedure, before the employee is hired, which effectively screens the employee from any involvement with the litigation, a procedure one court aptly described as a " 'cone of silence.' " *Asbestos Litigation,* 232 Cal.App.3d at 592, citing *Nemours Foundation v. Gilbane, Aetna, Federal Ins.* (D.Del.1986) 632 F.Supp. 418, 428. In this regard, <u>screening must take place "at the outset,"</u> before undertaking the challenged representation, and should involve the circulation of a written warning to staff to prevent communications with the affected lawyer about the matter and to prohibit the affected lawyer from accessing the relevant files. *Id.* at 594, emphasis added.

Panish Shea & Boyle cannot show that Daniel Hakhamzadeh was timely screened before he signed plaintiffs' complaint in this matter and before PSB associated in as attorneys of record. Therefore, all attorneys at PSB must be disqualified from representing the plaintiffs in this lawsuit against Costco.

In *Beltran*, the Central District Court of California disqualified two law firms representing plaintiffs in a class action, imputing one firm's conflict of interest to the other firm. *Beltran v. Avon Prods., Inc.* (C.D. Cal. 2012) 867 F. Supp. 2d 1068. Two law firms, Eagen Avenatti and the X-Law Group, represented a plaintiff in a nationwide class action lawsuit against cosmetic company Avon. *Beltran*, at 1072. Avon's counsel, Paul Hastings LLP, moved to disqualify both firms representing the plaintiff on the grounds that Jason

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.,
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-20-

Frank, a partner with Eagen Avenatti, previously defended Avon in a products liability case and two class actions when he was an attorney at Paul Hastings. *Id.* Jason Frank billed over 300 hours working on Avon matters at Paul Hastings. *Id.* Plaintiff argued that disqualification was improper because Mr. Frank was not part of the plaintiff's litigation team and an ethical wall was apparently imposed to cordon Mr. Frank from the case two weeks after the case was filed, but the court rejected this contention. *Id.* at 1072, 1083. "As a matter of law, however, an ethical wall is insufficient to overcome the possession of confidential information by the segregated attorney, except in very limited situations involving former government attorneys now in private practice." *Id.*

The *Beltran* court ultimately held that, "[u]nder California law and the Rules of Professional Conduct, disqualification of Eagan Avenatti and the X-Law Group is warranted because Mr. Frank has both actual and presumptive possession of confidential information that is material to this case, and <u>his conflict of interest is imputed to both firms.</u>" *Beltran, supra,* at 1072, emphasis added. "Once the attorney is found to be disqualified, both the attorney and the attorney's firm are disqualified from suing the former client." *Id.* at 1078, citing *Trone v. Smith* (9th Cir. 1980) 621 F.2d 994, 999. "Confidential information possessed by one attorney may or may not have been shared with other members of the firm, but the firm as a whole is disqualified whether or not its other members were actually exposed to the information." *Trone,* at 999.

*Beltran* states that Daniel Hakhamzadeh's conflict of interest will be imputed to both of the firms representing the plaintiffs in this matter – SM Law Group *and* Panish Shea & Boyle. Although SM Law Group has since withdrawn, PSB has not, despite the presumption that Mr. Hakhamzadeh shared confidential information with PSB while assisting PSB in preparing for an expedited trial date in just four months. Thus, PSB must be disqualified to this imputed conflict.

///

///

///

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.,
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

## V.   **CONCLUSION**

As a former attorney for Costco in personal injury matters, Daniel Hakhamzadeh obtained confidential information about Costco which is substantially related to the subject personal injury lawsuit. He signed plaintiffs' lawsuit against Costco without obtaining Costco's informed written consent to take a position adverse to Costco. A conflict of interest therefore exists which mandates his disqualification in this case.

Daniel Hakhamzadeh's conflict is imputed to the associated law firm representing plaintiffs because no timely screening procedures have been shown. Accordingly, Costco respectfully requests that this court grant this motion and disqualify Daniel Hakhamzadeh and his associated firm of Panish Shea & Boyle, the law firm of record for plaintiffs.

DATED:   March 22, 2021         McCUNE & HARBER, LLP

By: _____
        STEPHEN M. HARBER, ESQ.
        AMY A. EVENSTAD, ESQ.
        Attorneys for Defendant, COSTCO
        WHOLESALE CORPORATION

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501